

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

Honorable W. A. Davis
State Registrar
State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-2672
Re: Whether special county judge
elected by a bar may pass upon
delayed registration of birth
certificates.

      This will acknowledge receipt of your letter of August 22, 1940, supplemented by yours of September 14, requesting the opinion of this department as to whether or not a special county judge elected by the members of the Webb County Bar in the absence from the county of the regular county judge, may pass upon the delayed registration of birth certificates as provided for in House Bill No. 614, Acts 1939, Forty-sixth Legislature, page 346.

      House Bill No. 614, supra, reads in part as follows:

      "'And provided further, that any citizen of the State of Texas wishing to file the record of any birth or death, not previously registered, may submit to the Probate Court in the county where the birth or death occurred, a record of that birth or death written on the adopted forms of birth and death certificates. The certificate shall be substantiated by the affidavit of the medical attendant present at the time of the birth, or in case of death, the affidavit of the physician last in attendance upon the deceased, or the undertaker who buried the body. When the affidavit of the medical attendant or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death, at the time the birth or death occurred, with a second affidavit of some person who is acquainted with the facts surrounding the birth or death, and who is not related to the individual by blood or marriage. The Probate Court shall require such other information or evidence as may be deemed necessary to establish the citizenship

of the individual filing the certificate, and the truthfulness of the statements made in that record. The Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court of the State Registrar that the record be, or be not, accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act. Such certified copies shall be prima facie evidence in all Courts and places of the facts stated thereon. The State Bureau of Vital Statistics shall furnish the forms upon which such records are filed, and no other form shall be used for that purpose.'"

Article 1934, Vernon's Annotated Civil Statutes, provides for the election of a special county judge in the absence of the regular county judge, and this article reads as follows:

"If a county judge fails to appear at the time appointed for holding the court, or should he be absent during the term or unable or unwilling to hold the court, a special county judge may be elected in like manner as is provided for the election of a special district judge. The special county judge so elected shall have all the authority of the county judge while in the trial and disposition of any case pending in said court during the absence, inability, or such refusal of the county judge. Similar elections may be held at any time during the term, to supply the absence, failure or inability of the county judge, or any special judge, to perform the duties of the office. When a special county judge shall have been so elected, the clerk shall enter upon the minutes of the court, a record such as is provided for in like cases in a district court."

It will be noted that Article 1934 provides for the election of a special county judge in the absence of a regular county judge "in like manner as is provided for the election of a special district judge".

Articles 1887 through 1892, of Vernon's Annotated Civil Statutes, reads as follows:

"Article 1887. Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the

practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

"Article 1888. Such election shall be by ballot, and each practicing lawyer in attendance at such court shall be entitled to participate in such election and shall be entitled to one vote. A majority of the votes of the lawyers participating shall be necessary to the election of such special judge."

"Article 1889. The election shall be conducted as follows: The sheriff or constable shall make proclamation at the court house door that the election of a special judge of the court is about to be made by the practicing lawyers present; the clerk shall then make a list of the practicing lawyers present; and such lawyers shall then organize and hold the election."

"Article 1890. Should the sheriff, constable, and clerk, or either of them, fail or refuse to act, the said practicing lawyers may nevertheless proceed to organize themselves into such electoral body, and appoint a sheriff and clerk pro tempore to do the duties of such officers respectively."

"Article 1891. The clerk shall enter upon the minutes of the court a record of the election of such special judge, showing:

"1. The names of all the practicing lawyers present and participating in such election.

"2. The fact that the public proclamation was made at the court house door that such election was about to take place.

"3. The number of ballots polled at such election and the number polled for each person, and the result of the election.

"4. That the oath prescribed by law has been duly administered to the special judge."

"Article 1892. The record of such proceedings,

substantially complying with the requirements of
the law, shall be conclusive evidence of the elec-
tion and qualification of such special judge."

We must assume (in the absence of facts to the contrary)
the the provisions of Article 1934 and likewise, Articles 1887-
1892, have been strictly followed, and also that the conditions
therein stated giving rise to the appointment of a special county
judge were present.

This being true, a special county judge so elected has,
in the language of the statute, "all the authority of a county
judge in the trial and disposition of any case pending in said
court during the absence. . . of the county judge"; and you are
respectfully advised that in the opinion of this department such
duly elected special county judge may entertain proceedings for
the delayed registration of births as provided for in House Bill
No. 614, Acts 1939, Forty-sixth Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/James D. Smullen
        James D. Smullen
        Assistant

JDS:LM:wc


APPROVED OCT 7, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman